IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| VSEVOLOD GARANIN, | : | Civil No. 3:21-CV-00644 |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Judge Jennifer P. Wilson |
| LACKAWANNA COUNTY, *et al.*, | : | |
| Defendants. | : | Magistrate Judge William I. Arbuckle |

## **ORDER**

Before the court are two reports and recommendations of United States Magistrate Judge William I. Arbuckle recommending that the court grant the motion to dismiss filed by Defendants Tim Betti ("Betti"), Lackawanna County, and Thomas Staff ("Staff") (collectively, "County Defendants"), and the motion to dismiss filed by Correctional Care, Inc. and Dr. Edward Zaloga (collectively, "Medical Defendants"). (Docs. 51, 61.)

As to the County Defendants' motion, before addressing Plaintiff's claims, Judge Arbuckle opines that all claims against Betti and Staff in their official capacity should be dismissed as these are duplicative of the claims against Lackawanna County. (*Id.*) Judge Arbuckle next asserts that Plaintiff's claims for violations of the Thirteenth Amendment (Count II), the Trafficking Victims Protection Act (Count I), the Fair Labor Standards Act (Count III), the Racketeer Influenced and Corrupt Organization Act (Count IV), the Eighth Amendment's

1

prohibition of cruel and unusual punishment (Count V), substantive due process under the Fourteenth Amendment (Count VI), the Pennsylvania Minimum Wage Act (Count VII), the Pennsylvania Wage Payment and Collection Law (Count VIII), and unjust enrichment (Count IX) fail for a variety of reasons specific to each claim. (*Id.*) Plaintiff objects to the report and recommendation by reasserting the arguments from his brief in opposition and generally disagreeing with Judge Arbuckle's opinions. (Docs. 58.) No opposition to the objections was filed.

Regarding the Medical Defendants, Judge Arbuckle opines that Plaintiff's claims for violations of the Eighth Amendment (Count V), *Monell* (to the extent a claim is pled), substantive due process under the Fourteenth Amendment (Count VI), medical negligence (Count X), and gross negligence (Count XI) fail to state a proper claim. (Doc. 61.) Again, Plaintiff generally objects to the report and recommendation rearguing his previous points. (Doc. 63.) The Medical Defendants filed a response to Plaintiff's objections. (Doc. 66.) Thus, both reports and recommendations are ripe for review.

When a party raises only general objections to a report and recommendation, a district court is not required to conduct a de novo review of the report and recommendation. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." *Id.* at 6.

Thus, when reviewing general objections to a report and recommendation, the court's review is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-CV-00850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009).

The court has reviewed Judge Arbuckle's reports and recommendations and finds no clear error or manifest injustice on the face of the records. While Plaintiff's arguments show that he is displeased with both reports and recommendations, his complaints are nothing more than a rehashing of the arguments previously considered by the court. Accordingly, **IT IS ORDERED THAT**:

    1) The reports and recommendations, Docs. 51 & 61, are **ADOPTED**;

    2) Plaintiff's general objections, Docs. 58 & 63, are **OVERRULED;**

    3) The County Defendants' motion to dismiss, Doc. 22, is **GRANTED**.

    4) The Medical Defendants' motion to dismiss, Doc. 29, is **GRANTED**.

5) Because the court finds that amendment of Plaintiff's complaint would be futile as to Tim Betti, Lackawanna County, and Thomas Staff, these Defendants are **DISMISSED** from this action.[1]

                                    s/Jennifer P. Wilson
                                    JENNIFER P. WILSON
                                    United States District Court Judge
                                    Middle District of Pennsylvania

Dated: July 20, 2022

---

[1] The Medical Defendants are not dismissed from this case because there is one remaining claim against them – Count VIII for violation of the Pennsylvania Wage Payment and Collection Law. (*See* Doc. 1, pp. 35–36.) Because neither the Medical Defendants nor Plaintiff addressed Count VIII in the motion to dismiss, the court cannot *sua sponte* rule on the potential merits of this claim.