IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VSEVOLOD GARANIN, | Hon. Jennifer P. Wilson |
| | Magistrate Judge William I. Arbuckle |
| Plaintiff, | |
| | CIVIL ACTION – LAW |
| v. | |
| | JURY TRIAL DEMANDED |
| LACKAWANNA COUNTY, et. al. | |
| | VIA ECF |
| Defendants. | |
| | No. 3:21-cv-00644-JPW-WIA |

**DEFENDANT, LACKAWANNA COUNTY SOLID WASTE
MANAGEMENT AUTHORITY'S, BRIEF IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**

AND NOW comes the Defendant, LACKAWANNA COUNTY SOLID

WASTE MANAGEMENT AUTHORITY ("LCSWMA"), by and through its

attorneys, COGNETTI & CIMINI, and hereby submits the within Brief in Support

of its Motion to Dismiss (Doc. 91) Plaintiff's Complaint (Doc. 1) pursuant to

Federal Rule of Civil Procedure 12(b)(6).

1

## **TABLE OF CONTENTS**

**I.   STATEMENT OF RELEVANT FACTS AND PROCEDURE** ...................5

**II.   STATEMENT OF QUESTIONS PRESENTED** .........................................8

**III.   ARGUMENT** .............................................................................................9

**A.   Mr. Garanin's claims under the TVPA (Count I) and for involuntary servitude under the 13th Amendment (Count II) should be dismissed because his work at the Recycling Center was voluntary and LCSWMA could not, and did not, require or coerce Mr. Garanin to work at the Recycling Center.** ........................................................................9

**B.   Mr. Garanin's claims under the FLSA (Count III),  PMWA (Count VII), and PWPCL (Count VIII) should be dismissed because Mr. Garanin was not a statutory "employee," did not receive statutory "wages," and failed to allege any contractual employment relationship or right to contractual wages.** .................................................13

**C.   Mr. Garanin's RICO claim (Count IV) against LCSWMA should be dismissed because a RICO claim cannot be maintained against a corporate municipal authority.** ..................................................15

**D.   Mr. Garanin's claim of cruel and unusual punishment under the 8th Amendment (Count V) should be dismissed because Mr. Garanin was not required to work at the Recycling Center and LCSWMA is not responsible for evaluating fitness for work or providing inmates with medical treatment.** ......................................................................17

**E.   Mr. Garanin's claim for violation of his substantive due process rights under the 14th Amendment (Count VI) should be dismissed because it is duplicative of his more specific claim under the 8th Amendment.** .................................................................................18

**F.   Mr. Garanin's common law claim for unjust enrichment (Count IX) should be dismissed because it is a companion claim to underlying claims which fail and no benefit was "unjustly" conferred upon LCSWMA.** ................................................................................19

**IV.   CONCLUSION** .........................................................................................21

<u>**TABLE OF AUTHORITIES**</u>

**CASES**

City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 (3d Cir.1998) ........8

Cnty. of Sacramento v. Lewis, 523 U.S. 833, 847 (1998)........................................17

De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003)......................13

Figueroa v. Algeria, 896 F.2d 645, 650 (1st Cir. 1990) ...........................................14

Fleetwood Servs., LLC v. Complete Bus Sols. Grp., Inc.,
    374 F. Supp. 3d 361, 373 (E.D. Pa. 2019)..............................................................14

Ford-Greene vs. NHS, Inc., 106 F. Supp. 3rd 590, 612-13 (E.D. Pa. 2015)...........12

Genty v. Resol. Tr. Corp., 937 F.2d 899, 914 (3d Cir. 1991)...................................15

Glenn v. First Nat'l Bank in Grand Junction, 868 F.2d 368,
    371-372 (10th Cir. 1989) .........................................................................................8

Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)................................................8

Manesco, Inc. v. Wasserman, 886 F.2d 681, 683 (4th Cir. 1989) ...........................14

Mays v. Fulcomer, 552 A.2d 750, 753 (Pa. Cmwlth. 1989)....................................12

Miranda v. Ponce Fed. Bank, 948 F.2d 41, 44 (1st Cir. 1991)..................................8

Miree v. DeKalb County, Ga., 433 U.S. 25, 27 (1977) .............................................8

Muchira v. Al-Rawaf, 850 F.3d 605,...................................................................9, 10

Northeast Fence & Iron Works, Inc. v. Murphy Quigley Co.,
    933 A.2d 664 (Pa. Super. 2007) ............................................................................19

Rinaldi v. Doe, 708 F. App'x 748, 749-50 (3d Cir. 2018) ......................................16

Seville Indus. Mach. Corp., 742 F.2d at 790 ...........................................................15

United States v. Console, 13 F.3d 641, 650 (3rd Cir. 1993).....................................14

United States v. Dann, 652 F.3d 1160, ......................................................................9

United States v. Lanier, 520 U.S. 259, 272 n.7 (1997).............................................17

United States v. Peterson, 627 F. Supp. 2d 1359, 1370-73 .......................................9

United States v. Shackney, 333 F.2d 475, 486 (2d Cir. 1964) .................................9

United States v. Turkette, 452 U.S. 576, 583 (1981)................................................15

Vanskike v. Peters, 974 F.2d 806, 809 (7th Cir. 1992) ...........................................12

Walter v. Magee-Womens Hospital of UPMC Health System,
    876 A.2d 400, 407 (Pa. Super. 2005) ...................................................................19

Watson v. Graves, 909 F.2d 1549 (5th Cir. 1990).....................................................9

Whitaker v. Herr Foods, Inc., 198 F. Supp. 3d 476, 492 (E.D. Pa. 2016)...............18

Wilkerson v. Samuels, 524 Fed. Appx. 776, 779; (3d Cir. 2013) ...........................12

**STATUTES**

18 PA.C.S.A. §3922....................................................................................................4

43 P.S. §333.104 ......................................................................................................12

53 Pa. Cons. St. §§ 5601-5622................................................................... 10, 15

53 Pa. Cons. Stat. § 5607(d) ....................................................................................10

## I.    STATEMENT OF RELEVANT FACTS AND PROCEDURE

Mr. Garanin was convicted of attempted theft by deception in violation of 18 PA.C.S.A. §3922.  In connection with his conviction, Mr. Garanin was sentenced to serve three (3) months in the Lackawanna County Prison.  At the outset of his incarceration beginning on January 8, 2019, Mr. Garanin alleges that he was "immediately interested in exploring work release" or "house arrest" "as his daughter was one month old at the time." (Doc. 1, ¶32).  However, Mr. Thomas, Staff and prison staff "told Garanin in unequivocal terms that in order to qualify for work release or early release for house arrest, Garanin would have to work at the Recycling Center." (Doc. 1, ¶33).

On February 5, 2019, Mr. Garanin alleges that he was "granted community service program" and was "sent to work at the Recycling Center." (Doc. 1, ¶41). He alleges that he was "sent to work at the Recycling Center under extremely hazardous conditions based upon a false promise that he will be able to be released into the work release program [sic]." (Doc. 1 ¶72).  More specifically, Mr. Garanin alleges that if he "did not agree to work in the Recycling Center, [he] would not qualify for work release and would remain in the Prison." (Doc. 1 ¶113).  On that basis, Mr. Garanin alleges that "defendants and their agents" caused him to believe that "if [he did] not work at the Recycling Center, [he would] be subject to physical restrain *in the form of continued incarceration*

without *the opportunity* to work outside the Prison in the work release program."
(Doc. 1 ¶114) (emphasis added).

Mr. Garanin resided in the prison when he was not working in the Recycling
Center.  (Doc. 1, ¶43).  He was driven to the Recycling Center by prison staff and
worked at the Recycling Center from 7:00am to 3:00pm five days per week
receiving "$5.00 for each day that he worked at the Recycling Center."  (Doc. 1,
¶48).  The payments were deposited into Mr. Garanin's commissary account at the
Prison, and he alleges that he "did not have a choice about how he received his
payments.  Payment into his commissary account was the only option."  (Doc. 1,
¶49).

While working at the Recycling Center, Mr. Garanin alleges that he was
"exposed to fumes with no mask, had to use filthy, unsanitary toilets that had not
been working or cleaned in months and had food taken away as punishment."
(Doc. 1 ¶111).  On an unspecified date subsequent to February 22, 2019, Mr.
Garanin alleges Mr. Thomas Staff removed Mr. Garanin from working at the
Recycling Center "due to a bad knee."  (Doc. 1 ¶59).  In that regard, Mr. Garanin
alleges that a pre-incarceration, December 30, 2017, knee injury was "exacerbated
by the lack of treatment and working at the Recycling Center."  (Doc. 1 ¶¶21, 38,
57, 64).  Mr. Garanin was ultimately released from the Lackawanna County Prison
on April 8, 2019.  (Doc. 1 ¶64).

6

Two years later, on April 8, 2021, Mr. Garanin commenced the within action against at least nine (9) separate Defendants, including Defendant LCSWMA. With respect to LCSWMA, Mr. Garanin alleges claims for violation of the Trafficking Victims Protection Act ("TVPA") (Doc. 1, Count I, ¶165-170), violation of the Abolition of Involuntary Servitude (Doc. 1, Count II, ¶171-175), violation of the Fair Labor Standards Act ("FLSA") (Doc. 1, Count III, ¶176-191), violation of the Racketeer Influenced and Corrupt Organization Act ("RICO") (Doc. 1, Count IV, ¶192-197), Cruel and Unusual Punishment (Doc. 1, Count V, ¶198-203), violation of Substantive Due Process (Doc. 1, Count VI, ¶204-208), violation of the Pennsylvania Minimum Wage Act ("PMWA") (Doc. 1, Count VII ¶209-213), violation of the Pennsylvania Minimum Wage and Collection Law ("PMWCL") (Doc. 1, Count VIII, ¶214-218), and Unjust Enrichment (Doc. 1, Count IX, ¶219-221).

Mr. Garanin's claims have been dismissed as to all defendants except Defendant LCSWMA.  Presently pending before the Court is LCSWMA's Motion to Dismiss (Doc. 91) Mr. Garanin's Complaint (Doc. 1) in its entirety.  The within brief follows in support of the same.  For the reasons set forth herein, all claims against LCSWMA set forth in Counts I-IX of Mr. Garanin's Complaint should be dismissed.

## II.   STATEMENT OF QUESTIONS PRESENTED

A.   Whether Plaintiff has failed to state claims under the TVPA and/or for involuntary servitude in violation of the 13th Amendment against LCSWMA when Plaintiff alleges that his work at the Recycling Center was voluntary and LCSWMA did not require or otherwise coerce Plaintiff to work at the Recycling Center.
**SUGGESTED RESPONSE:   AFFIRMATIVE.**

B.   Whether Plaintiff has failed to state claims under the FLSA, PMWA, or PWPCL against LCSWMA when Plaintiff was, at all relevant times, a prisoner confined to the Lackawanna County Prison and failed to allege any contractual employment relationship with LCSWMA.
**SUGGESTED RESPONSE:   AFFIRMATIVE.**

C.   Whether Plaintiff has failed to state a claim under RICO against LCSWMA when LCSWA is a corporate municipal authority.
**SUGGESTED RESPONSE:   AFFIRMATIVE.**

D.   Whether Plaintiff has failed to state a claim of cruel and unusual punishment in violation of the 8th Amendment against LCSWMA when LCSWMA did not require Mr. Garanin to work at the Recycling Center, LCSWMA is not responsible for providing medical care to inmates, and LCSWMA is not responsible for determining inmate fitness to work at the Recycling Center.
**SUGGESTED RESPONSE:   AFFIRMATIVE.**

E.   Whether Plaintiff has failed to state a claim for violation of substantive due process under the 14th Amendment against LCSWMA when the claim mirrors Plaintiff's more specific claim for violation of the 8th Amendment and LCSWMA has no role in prisoner detention, confinement conditions, or eligibility for work release.
**SUGGESTED RESPONSE:   AFFIRMATIVE.**

F.   Whether Plaintiff has failed to state a claim for unjust enrichment against LCSWMA when his underlying claims fail, no alleged benefit was unjustly conferred, and there is no basis for supplemental jurisdiction.
**SUGGESTED RESPONSE:   AFFIRMATIVE.**

## III.   ARGUMENT

A motion to dismiss tests the legal sufficiency of the complaint.  A complaint may be dismissed only where no relief could be granted under any set of *facts* that could be proved consistent with the allegations.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984) (emphasis added).  To that end, the averments must be viewed in the light most favorable to the plaintiff, and all well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989).

The Court need not, however, accept as true unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegation.  Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n. 2 (1977); City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n. 13 (3d Cir.1998).  The claims must be anchored in a bed of facts and the pleading party must allege more than bald assertions and unsubstantiated conclusions.  Miranda v. Ponce Fed. Bank, 948 F.2d 41, 44 (1st Cir. 1991).  A trial judge is not obligated to construct a cause of action from allegations in a complaint filed by a party who was unwilling or unable to plead a cause of action himself.  Glenn v. First Nat'l Bank in Grand Junction, 868 F.2d 368, 371-372 (10th Cir. 1989).

   **A.     Mr. Garanin's claims under the TVPA (Count I) and for involuntary servitude under the 13th Amendment (Count II) should be dismissed because his work at the Recycling Center**

**was voluntary and LCSWMA could not, and did not, require or coerce Mr. Garanin to work at the Recycling Center.**

To prove a violation under the 13th Amendment, one must show that the Plaintiff was subjected to involuntary servitude or slavery.  Watson v. Graves, 909 F.2d 1549 (5th Cir. 1990).   "Involuntary servitude is defined as an action by the master causing the servant to have, or to believe he has, *no way to avoid* continued service or confinement."  Id. at 1552 (quoting United States v. Shackney, 333 F.2d 475, 486 (2d Cir. 1964) (internal quotations omitted)) (emphasis added).  However, when a person has a choice, no matter how painful that choice may be, there is no constitutional violation for involuntary servitude.  See Brooks v. George County, Miss., 84 F.3d 157, 163 (5th Cir. 1996).

Similarly, the TVPA imposes liability for "knowingly provid[ing] or obtain[ing] the labor or services of a person . . . by means of the *abuse or threatened abuse of law or legal process*."  18 U.S.C. § 1589(a)(3) (emphasis added); see also Watson, 909 F.2d at 1552. and United States v. Peterson, 627 F. Supp. 2d 1359, 1370-73 (finding that an inmate given the choice to work at a private business, other than through work-release, did not violate the TVPA).  In that regard, "Congress intended to reach cases in which persons are held in a condition of servitude through nonviolent coercion, as well as through physical or legal coercion."  Muchira v. Al-Rawaf, 850 F.3d 605, 617 (4th Cir. 2017), *as amended* (Mar. 3, 2017), *petition for cert. filed* (U.S. July 31, 2017) (No. 17- 154)

10

(quoting United States v. Dann, 652 F.3d 1160, 1169 (9th Cir. 2011)) (internal

quotation marks omitted).  Importantly, however, to state a TVPA claim, a plaintiff

must allege sufficient facts to establish "knowing and intentional coercion."

Muchira, 850 F.3d at 617-18. Standing alone, subjective allegations that a plaintiff

felt compelled or coerced to labor, are insufficient.  Muchira, 850 F.3d at 617-18.

In the present case, Mr. Garanin has failed to allege facts sufficient to

establish that LCSWMA had any actual or even potential ability to subject Mr.

Garanin to forced work or involuntary servitude.  More specifically, LCSWMA

does not control, and is not alleged to have any role in, prison policy or the legal

requirements for eligibility to participate in work release programs.

Rather, LCSWMA is a municipal authority enabled pursuant to the

Municipal Authorities Act, 53 Pa. Cons. St. §§ 5601-5622 ("MAA").  The MAA

provides LCSWMA with certain powers to, inter alia, own, finance, contract, and

operate facilities to carry out its particular purpose.  53 Pa. Cons. Stat. § 5607(d).

The MAA does not provide LCSWMA with any additional power or the broader

authority of government that would give it the ability to detain prisoners, set work-

release eligibility conditions, set inmate compensation, or assign a prisoner for

work or community service through the Prison Services Program.  See, 53 Pa.

Cons. St. §§ 5601-5622.  Consistent with its statutory authority under the MAA,

LCSWMA exercised its power to "contract" by entering into an Operating

Agreement with LRCI, whereby LCSWMA retained ownership of the Recycling

Center's physical facilities but LRCI assumed all aspects of the Recycling Center's

operations, including hiring, compensation, and management of employees. (Doc.

53-1).  Thus, LCSWMA lacked the ability and power to coerce, detain, or

otherwise subject Mr. Garanin to involuntary labor.

Mr. Garanin also fails to allege facts sufficient to establish that his work at

the Recycling Center was involuntary or coerced by LCSWMA.  In this regard,

Mr. Garanin alleges that he was lawfully incarcerated at the Lackawanna County

Prison in connection with his conviction for attempted theft by deception.  He

further alleges that he was interested in pursuing opportunities to spend time

outside of the prison, including work release and house arrest, because he had a

young child.  While Mr. Garanin alleges that certain individuals caused him to

believe that he would be ineligible for such opportunities unless he completed

community service at the Recycling Center, LCSWMA is not alleged to have made

any such representations to Mr. Garanin.

Further, seeking to expedite his eligibility for work release during the course

of his lawful incarceration, Mr. Garanin alleges that he wanted to complete

community service at the Recycling Center.  Inherent in Mr. Garanin's allegations

is the reality that if he did *not* want to work at the Recycling Center through the

Prison Services Program, he could have simply served the full term of his sentence

or petitioned the court for "work-release/house arrest" on appropriate grounds. While his subjective desire may have been to avoid his lawful prison sentence by completing community service, he was free to serve his prison sentence without working at the Recycling Center.  Neither the TVPA nor the 13th Amendment provide a prisoner with the right to shorten an otherwise lawful prison sentence. Consequently, Mr. Garanin has failed to state causes of action against LCSWMA and Counts I-II of his Complaint (Doc. 1) should properly be dismissed.

   **B.    Mr. Garanin's claims under the FLSA (Count III),  PMWA (Count VII), and PWPCL (Count VIII) should be dismissed because Mr. Garanin was not a statutory "employee," did not receive statutory "wages," and failed to allege any contractual employment relationship or right to contractual wages.**

   "It is well established that a prisoner is not an employee under the Fair Labor Standards Act ("FLSA"), because the relationship is not one of employment, but arises out of the prisoner's status as an inmate.  Wilkerson v. Samuels, 524 Fed. Appx. 776, 779; (3d Cir. 2013); See also Tourscher v. McCullough, 184 F.3d 236, 243 (3d Cir. 1999); Vanskike v. Peters, 974 F.2d 806, 809 (7th Cir. 1992).

   Courts have routinely held that the PMWA should be read consistently with the FLSA. See, Ford-Greene vs. NHS, Inc., 106 F. Supp. 3rd 590, 612-13 (E.D. Pa. 2015) (citing 43 P.S. §333.104).  Additionally, an inmate does not receive "wages" as defined by the PMWA for performing work through a Prison Services Program. See, i.e., Mays v. Fulcomer, 552 A.2d 750, 753 (Pa. Cmwlth. 1989) ("the

remuneration which [inmate] receives would not constitute wages as defined by other statutes such as The Minimum Wage Act of 1968").

Moreover, the PWPCL "does not provide a right to compensation . . . rather, it provides a statutory remedy when the employer breaches a *contractual obligation* to pay earned *wages*. The *contract* between the parties governs in determining whether specific wages are earned." See De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003), as amended (Nov. 14, 2003).

In the present case, Mr. Garanin was at all times a prisoner lawfully incarcerated at the Lackawanna County Prison. As such, he is not an "employee" covered by the FLSA or the PMWA. Moreover, his community service performed at the Recycling Center was completed through Lackawanna County's legitimate Prison Services Program. Thus, the remuneration he received for his work at the Recycling Center did not constitute wages subject to the PMWA. Further, Mr. Garanin has failed to allege any contractual relationship with LCSWMA or any right to contractual wages for his community service at the Recycling Center. While Mr. Garanin repeatedly alleges that various defendants "failed to inform" him that he was an "employee" of multiple defendants, he has not alleged any contractual employment relationship or any contractual right to "wages" beyond remuneration consistent with prison policy. Accordingly, Mr. Garanin has failed

to state causes of action against LCSWMA and Counts III, VII, and VIII of his Complaint (Doc. 1) should properly be dismissed.

**C.   Mr. Garanin's RICO claim (Count IV) against LCSWMA should be dismissed because a RICO claim cannot be maintained against a corporate municipal authority.**

"In fairness to innocent parties, courts should strive to flush out frivolous R.I.C.O. allegations at an early stage in the litigation." Figueroa v. Algeria, 896 F.2d 645, 650 (1st Cir. 1990). Courts must be diligent to ensure that the extraordinary remedy of a civil RICO claim does not undermine ordinary commercial transactions and that treble damage suits are not brought for their harassment or settlement value. See Manesco, Inc. v. Wasserman, 886 F.2d 681, 683 (4th Cir. 1989).

To state a claim under the RICO, a party must allege that defendants participated in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Fleetwood Servs., LLC v. Complete Bus. Sols. Grp., Inc., 374 F. Supp. 3d 361, 373 (E.D. Pa. 2019). The Third Circuit has further identified three specific characteristics: (1) That there is an ongoing organization; (2) that the associates function as a continuing unit; and (3) that the enterprise is an entity separate and apart from the pattern of activity in which it engages. See United States v. Console, 13 F.3d 641, 650 (3rd Cir. 1993). This is known as the RICO "separateness" requirement defined by the Supreme Court in the case of United

States v. Turkette, 452 U.S. 576, 583 (1981).   See also, Seville Indus. Mach. Corp., 742 F.2d at 790 (holding "It is an essential element of the RICO cause of action that the enterprise be apart from the underlying pattern of racketeering activity.").

Importantly, however, "Congress, in keeping with the common law, did not intend to subject municipal corporations to RICO liability." Genty v. Resol. Tr. Corp., 937 F.2d 899, 914 (3d Cir. 1991).  Accordingly, "a civil claim brought under section 1964(c) of the RICO Act . . . cannot be maintained against a municipal corporation." Genty v. Resol. Tr. Corp., 937 F.2d 899, 914 (3d Cir. 1991).

In the present case, Mr. Garanin fails to allege any facts which would implicate a pattern of racketeering involving LCSWMA.  More specifically, because his underlying claims under the TVPA and 13th Amendment fail, the same do not form a necessary predicate for any RICO claim.  Moreover, LCSWMA is a corporate municipal authority enabled and incorporated pursuant to the MMA, 53 Pa. Cons. St. §§ 5601-5622.  A RICO claim cannot be maintained against LCSWMA because it is a corporate municipal authority and congress did not intend for RICO to apply to such municipal corporations.  As such Mr. Garanin has failed to state a cause of action against LCSWMA and Count IV of his Complaint (Doc. 1) should properly be dismissed.

**D.    Mr. Garanin's claim of cruel and unusual punishment under the 8th Amendment (Count V) should be dismissed because Mr. Garanin was not required to work at the Recycling Center and LCSWMA is not responsible for evaluating fitness for work or providing inmates with medical treatment.**

"The Eighth Amendment does not apply to inmates in a work environment unless they are *required* to perform physical labor which is beyond their strength, endangers their lives or health, or causes undue pain." Rinaldi v. Doe, 708 F. App'x 748, 749-50 (3d Cir. 2018) (emphasis added).

In the instant case, Mr. Garanin fails to allege that he was required to work at the Recycling Center.  Rather, Mr. Garanin alleges that he wanted to expedite his eligibility for work release by completing the community service program at the Recycling Center.  In fact, he alleges that he requested to participate in the community service program, and his request was ultimately granted.  (Doc. 1 ¶32-41).  Once he commenced work at the Recycling Center through the Prison Services Program, he was transported and supervised by Prison personnel as well as staff at the Recycling Center.  However, LCSWMA is not alleged to have had knowledge of any potential medical condition impacting Mr. Garanin's ability to participate in the community service program.  In this regard, LCSWMA contracted with LRCI such that LRCI assumed responsibility for all aspects of operations at the Recycling Center, including hiring and management of

employees.[1]  (Doc. 53-1).  Mr. Garanin does not allege reporting any knee

condition to LCSWMA, and LCSWMA is not responsible for providing medical

care to inmates or determining their fitness for voluntary community service work.

Further, contradicting Mr. Garanin's allegation that he was required to work at the

Recycling Center in spite of his knee injury, Mr. Garanin alleges that he was

ultimately removed from work at the Recycling Center by Mr. Thomas Saff due to

that same alleged pre-existing knee injury.  Thus, Mr. Garanin has failed to state a

cause of action against LCSWMA and Count V of his Complaint (Doc. 1) should

properly be dismissed.

> **E.      Mr. Garanin's claim for violation of his substantive due process rights under the 14th Amendment (Count VI) should be dismissed because it is duplicative of his more specific claim under the 8th Amendment.**

A claim alleging violation of substantive due process may be maintained

upon factual allegations which may "properly be characterized as arbitrary, or

conscience shocking." <u>Cnty. of Sacramento v. Lewis</u>, 523 U.S. 833, 847 (1998).

However, "if a constitutional claim is covered by a specific constitutional

provision, such as the Fourth or Eighth Amendment, the claim must be analyzed

under the standard appropriate to that specific provision, not under the rubric of

substantive due process." <u>United States v. Lanier</u>, 520 U.S. 259, 272 n.7 (1997).

---

[1] As a prisoner participating in the Lackawanna County Prison's community service program, Mr. Garanin was not an employee of any party.

In the present case, Mr. Garanin's allegations of his voluntary participation in the community service program, and his election to discontinue the same due to a pre-existing knee injury, do not constitute allegations of arbitrary or shocking conduct. Importantly, however, Mr. Garanin's substantive due process claim mirrors his claim of cruel and unusual punishment under the 8th Amendment. Appropriately evaluated under the rubric of the 8th Amendment, Mr. Garanin's claims against LCSWMA fail as set forth herein. As such, Mr. Garanin has failed to state a cause of action against LCSWMA and Count VI of his Complaint (Doc. 1) should properly be dismissed.

**F.   Mr. Garanin's common law claim for unjust enrichment (Count IX) should be dismissed because it is a companion claim to underlying claims which fail and no benefit was "unjustly" conferred upon LCSWMA.**

Pennsylvania law recognizes two types of claims for unjust enrichment: "(1) a quasi-contract theory of liability, in which case the unjust enrichment claim is brought as an alternative to a breach of contract claim; or (2) a theory based on unlawful or improper conduct established by an underlying claim, such as fraud, in which the unjust enrichment claim is a companion to the underlying claim." Whitaker v. Herr Foods, Inc., 198 F. Supp. 3d 476, 492 (E.D. Pa. 2016) (citing Mitchell v. Moore, 729 A.2d 1200, 1203-04 (Pa. Super. Ct. 1999)). Where an unjust enrichment claim is based upon one or more underlying claims, the unjust enrichment claim depends upon the viability of the underlying claims.

Further, it is well-settled that the doctrine of unjust enrichment does not apply simply because the defendant may have benefited as a result of the actions of the plaintiff. See, e.g., Walter v. Magee-Womens Hospital of UPMC Health System, 876 A.2d 400, 407 (Pa. Super. 2005) and Northeast Fence & Iron Works, Inc. v. Murphy Quigley Co., 933 A.2d 664 (Pa. Super. 2007) ("[T]he most significant element of the doctrine is whether the enrichment of the defendant is *unjust*; the doctrine does not apply simply because the defendant may have benefited as a result of the actions of the plaintiff.")

In the instant case, Mr. Garanin's unjust enrichment claim fails as a matter of law because his underlying claims against LCSWMA under the TVPA, 13th Amendment, and 8th Amendment fail, as set forth herein.  Moreover, the allegations of Mr. Garanin's Complaint (Doc. 1) do not support a conclusion that LCSWMA was "unjustly" enriched by Mr. Garanin's participation in the community services program.  More specifically, Mr. Garanin's allegations establish that LCSWMA provided inmates from the Lackawanna County Prison with the opportunity to complete community service at the Recycling Center. LCSWMA did not force any inmates to participate in the community service program.  In fact, LCSWMA is not even alleged to have communicated with Mr. Garanin in the context of his participation in the community services program. Further, the purpose of community service to perform a service for the benefit of

the community and members of the general public.  Recycling is an important

community service, and voluntary work towards that goal benefits the public.  It

does not "unjustly" benefit LCSWMA.  Accordingly, Mr. Garanin has failed to

state a cause of action against LCSWMA and Count IX of his Complaint (Doc. 1)

should properly be dismissed.

## IV.    CONCLUSION

WHEREFORE, Defendant, Lackawanna County Solid Waste Management

Authority, respectfully requests that this Honorable Court enter an Order granting

its Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) and dismissing Mr. Garanin's

Complaint (Doc. 1) against LCSWMA.

Dated: February 6, 2023

Respectfully submitted,
COGNETTI & CIMINI


SAL COGNETTI, JR., ESQUIRE
PA Atty. ID No. 17269
salcognettijr@cognetticimini.com


SARAH R. LLOYD, ESQUIRE
PA Atty. ID No. 311214
sarahrlloyd@cognetticimini.com

Scranton Life Building, Suite 800
538 Spruce Street
Scranton, PA 18503
(570) 346-0745
*Counsel for Defendant, Lackawanna
County Solid Waste Management Authority*

## **CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that on this 6th day of February, 2023, a true and correct copy of the foregoing Brief in Opposition was filed and served via the Court's ECF system and electronically delivered to all counsel and parties of record.

Dated: February 6, 2023     Respectfully submitted,
            COGNETTI & CIMINI

            SARAH R. LLOYD, ESQUIRE
            PA Atty. ID No. 311214
            sarahrlloyd@cognetticimini.com
            *Counsel for Defendant, Lackawanna County*
            *Solid Waste Management Authority*

## <u>CERTIFICATE OF COMPLIANCE</u>

Subject to Federal Rule of Civil Procedure 11, undersigned counsel hereby certifies that the foregoing Brief in Support of Motion to Dismiss contains 4,024 words calculated by the word count feature of Microsoft Word and therefore complies with Middle District Local Rule 7.8(b)(2).

Dated: February 6, 2023

Respectfully submitted,
COGNETTI & CIMINI

SARAH R. LLOYD, ESQUIRE
PA Atty. ID No. 311214
sarahrlloyd@cognetticimini.com
*Counsel for Defendant, Lackawanna County Solid Waste Management Authority*